UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81162-CIV-MIDDLEBROOKS/JOHNSON

SECURITIES AND EXCHANGE COMMISSION, )
                        Plaintiff, )
v. )
    )
MARK FOGLIA and )
WESTERN FINANCIAL SERVICES, INC., )
                        Defendants. )
_____ )

FILED by JC D.C.
ELECTRONIC
DEC. 7, 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

Plaintiff Securities and Exchange Commission alleges as follows:

### I. INTRODUCTION

1.    This matter concerns a fraudulent scheme by Defendants Mark Foglia and Western Financial Services, Inc. to manipulate the market for WaterPure International, Inc. stock in violation of the federal securities laws.

2.    In February and March 2007, the Defendants participated in a scheme in which they agreed to pay an illegal kickback to a purported West Palm Beach, Florida-based hedge fund advisor to induce the hedge fund to purchase shares of WaterPure stock. Unbeknownst to the Defendants, the person posing as the corrupt hedge fund investment advisor was actually an undercover FBI agent.

3.    Foglia is a stock promoter who was trying to solicit interest in purchasing WaterPure stock. Foglia orchestrated a plan by which he arranged for Western Financial to pay the agent posing as the investment adviser 30% of the proceeds from the hedge fund's purchase of WaterPure shares as a kickback. The deal was culminated on March 9, 2007.

4. By virtue of their conduct, the Defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and 17 C.F.R. §240.10b-5.

5. The Commission requests the Court to enter (1) a permanent injunction restraining and enjoining the Defendants from violating the federal securities laws, (2) an order directing the Defendants to pay civil money penalties, and (3) an order barring Foglia from participating in any offering of penny stock.

## II. DEFENDANTS AND RELEVANT ENTITY

### A. Defendants

6. Foglia, 52, is a stock promoter who resides in Hypoluxo, Florida. He is the President of Western Financial. Foglia was associated with several broker-dealers as a registered representative at various times between 1986 and 1996, and held Series 7, 24, and 63 licenses. In 1992, Foglia was censured and fined by the NASD for failing to supervise two brokers who entered into an illegal arrangement to share a single registered representative number. The NASD's findings were upheld by the Commission.

7. Western Financial is a Florida corporation with its principal place of business in Lantana, Florida.

### B. Relevant Entity

8. WaterPure is a publicly traded Florida corporation based in Doylestown, Pennsylvania. WaterPure's stock is quoted on the Pink Sheets (symbol "WPUR"). The company markets water production and treatment products. WaterPure's stock is penny stock. Section 3(a)(51) and Rule 3a51-1 of the Exchange Act define a penny stock as any equity

2

security, other than those securities that are specifically excluded in Rules 3a51-1(a)-(g). The WaterPure stock does not qualify for any of the exclusions, and at all times relevant to this Complaint was priced at less than $5. In addition, it did not have net tangible assets or average revenues in excess of $2,000,000 to qualify for the exclusion in Rule 3a51-1(g).

### III. JURISDICTION AND VENUE

9. The Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d) and 77v(a); and Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(d) and 78aa.

10. This Court has personal jurisdiction over the Defendants, and venue is proper in the Southern District of Florida, because many of the Defendants' acts and transactions constituting violations of the Securities Act and the Exchange Act occurred in the Southern District of Florida. For example, the agent was located in West Palm Beach, Florida. Additionally, Western Financial used its bank account in Boca Raton, Florida to wire the kickback to the agent. Finally, Foglia resides in Hypoluxo, Florida, and Western Financial is based in Lantana, Florida.

11. In connection with the conduct alleged in this Complaint, the Defendants, directly or indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce, and the mails.

### IV. THE FRAUDULENT SCHEME

12. Foglia is a stock promoter for WaterPure. In February 2007, Foglia told the agent he would pay a kickback to induce the purchase of WaterPure shares. Foglia explained that the owners of the shares were WaterPure insiders ("Insiders"). Foglia proposed that the agent

3

purchase $1 million of WaterPure shares and agreed to pay the agent 30% of the price the agent's hedge fund paid as a kickback to induce the purchase of these shares.

13. On February 28, 2007, Foglia told the agent the Insiders wanted the hedge fund to purchase 700,000 shares. Foglia wanted the hedge fund to buy these shares for $1 per share over a two week period. Foglia explained that during this time period, WaterPure would issue press releases to justify the higher than normal trading volume. Foglia also promised the agent WaterPure's share price would increase following the hedge fund's purchase.

14. The agent informed Foglia he owed a fiduciary duty to the hedge fund, and therefore could not accept the kickback directly. Foglia then agreed to execute a phony consulting agreement to conceal the kickback.

15. Foglia prepared the bogus consulting agreement between Western Financial and a fictitious consulting company created by the agent.

16. On March 6, 2007, the agent used an E-Trade account to purchase a total of 21,200 shares of WaterPure stock. In an apparent attempt to ensure the agent purchased the Insider's shares rather than shares off the street, Foglia made a telephone call to someone, presumably a broker or trader, and suggested a specific number of shares to be offered for sale at a price slightly below the market.

17. These trades were publicly reported. The average daily trading volume for WaterPure stock in the prior ten days was approximately 4,800 shares, and the agent's purchase constituted 23% of the volume for March 6, 2007.

18. On March 9, 2007, Foglia gave the agent a check for $5,000 which was less than the 30% promised kickback. Foglia paid this smaller sum as a further precaution to avoid

4

detection. Foglia explained he wanted to avoid having the kickback amount match an exact percentage of the share purchase, and promised to make up the difference on future kickbacks.

## COUNT I

### Fraud In Violation of Section 17(a)(1) of the Securities Act

19. The Commission repeats and realleges paragraphs 1 through 18 of its Complaint.

20. In February and March 2007, the Defendants directly and indirectly, by use of the, means or instruments of transportation or communication in interstate commerce and by use of the mails, in the offer or sale of securities, as described in this Complaint, have knowingly, willfully or recklessly employed devices, schemes or artifices to defraud.

21. By reason of the foregoing, the Defendants, directly and indirectly, have violated and, unless enjoined, will continue to violate Section 17(a)(l) of the Securities Act, 15 U.S.C. §77q(a).

## COUNT II

### Fraud in Violation of Section 10(b) and Rule 10b-5 of the Exchange Act

22. The Commission repeats and realleges paragraphs 1 through 18 of its Complaint.

23. In February and March 2007, the Defendants, directly and indirectly, by use of the means and instrumentality of interstate commerce, and of the mails in connection with the purchase or sale of securities, knowingly, willfully or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

24. By reason of the foregoing, the Defendants have directly or indirectly violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.

### RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that the Court:

### I.

### Declaratory Relief

Declare, determine, and find that the Defendants have committed the violations of the federal securities laws alleged in this Complaint.

### II.

### Permanent Injunctive Relief

Issue a Permanent Injunction restraining and enjoining the Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, from violating Section 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act, as indicated above.

### III.

### Penalties

Issue an Order directing all Defendants to pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d); and Section 21(d) of the Exchange Act, 15 U.S.C. § 78(d)(3).

IV.

**Penny Stock Bar**

Issue an Order barring Foglia from participating in any offering of penny stock, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. § 77t(g), and Section 21(d) of the Exchange Act,15 U.S.C. § 78u(d), for the violations alleged in this Complaint.

V.

**Further Relief**

Grant such other and further relief as may be necessary and appropriate.

VI.

**Retention of Jurisdiction**

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

|  |  | Respectfully submitted, |
|---|---|---|
| December 7, 2007 | By: | *[signature]*<br>Amie Riggle Berlin<br>Senior Trial Counsel<br>Florida Bar No. 0630020<br>Direct Dial: (305) 982-6322<br>berlina@sec.gov |

Thierry Olivier Desmet
Branch Chief
Florida Bar No. 0143863
Direct Dial: (305) 982-6374

Brian P. Knight
Senior Counsel
Florida Bar No. 0993662
Direct Dial: (305) 982-6385

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154

8

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
SECURITIES AND EXCHANGE COMMISSION

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Amie Riggle Berlin, Esq. (305) 982-6322
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800, Miami, FL 33131

**DEFENDANTS**
MARK FOGLIA, AND WESTERN FINANCIAL SERVICES, INC.

County of Residence of First Listed Defendant  PALM BEACH
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

*[Handwritten: West Palm Beach / 07-81162-CIV-Middlebrooks/Johnson]*

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☑ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO        b) Related Cases ☐ YES ☑ NO
JUDGE _____        DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 77q(a); 15 U.S.C. 78j(b) and 17 C.F.R. § 240. 10b-5. Violations of the federal securities laws.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $  Perm. Injunction, Disg. and Civil Penalty & Penny Stock Bar
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD *[signature]*
DATE 12/7/07

FOR OFFICE USE ONLY
AMOUNT _____  RECEIPT # _____  IFP _____